UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

APR 1 6 2014

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | * | |
| Plaintiffs | * | |
| v. | * | CASE NUMBER: PJM-14-648 |
| JOHN DOE – IP: 69.255.0.42 | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO QUASH THE SUBPOENA OF MALIBU MEDIA, LLC SEEKING IDENTITY INFORMATION

Defendant, John Doe, a.k.a. IP: 69.255.0.42, through undersigned counsel, hereby moves this Court to quash the subpoena issued by Plaintiff on March 17, 2014 (the Subpoena) seeking Defendant's identity and contact information, issued in support of a civil action filed in the United States District Court For The District of Maryland on March 6, 2014 alleging property rights infringement.

As grounds therefor, Defendant state as follows:

1. Defendant denies using the Bit Torrent distribution network, or any network, to download files, including adult pornographic films, subject to copyrights held by Plaintiff.

2. Due to the fact that an Internet Protocol (IP) address may be assigned by a Provider numerous times to different users on any given hour, the Plaintiff has the burden to prove that the Defendant is actually the person who allegedly violated the Plaintiff's

copyrights.

3. In the Court's own words "an IP address alone is insufficient to establish a 'reasonable likelihood [that] it will lead to the identity of defendants who could be sued,'" and "due to the prevalence of wireless routers, the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper with the knowledge of the owner." *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237-239 (E.D.N.Y. 2012).

4. Defendant was on a 20 hour airplane flight January 18, 2014, 10:10 a.m. Eastern standard time, through January 19, 2014 flying to Dubai International Airport (see Exhibit A). (For purposes of anonymity, the identity of the Defendant has been removed from Exhibit A. An unedited copy of Exhibit A is attached to Defendant's *Ex Parte* Notice of Identity and Current Address.)

5. The IP address identified and provided in a letter to the Defendant by the Internet Service Provider (ISP) is the very date that Defendant was on an airplane, and impossible to access and download any files to a computer (see Exhibit B).

## CONCLUSION

Using an IP address is questionable, at best, to determine a physical location and contact information for a person allegedly responsible for downloaded files. The questionable nature of using an IP address to place blame on an individual is corroborated by the fact that the Defendant was on a 20 hour airplane flight on January 18, 2014, without internet access. Based on the fact that it was impossible for the Defendant to access and download the Plaintiff's copyrighted materials, this Motion to Quash the Subpoena of Malibu Media, LLC Seeking Identity Information should be GRANTED.

Respectfully Submitted,

Lauri K. O'Neal
O'Neal, LLC
114 Oak Drive
Annapolis, MD  21401
443-968-4262
Attorney for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __14th__ day of __April__, 2014, I mailed first class, postage prepaid, a copy of the foregoing Motion To Quash The Subpoena Of Malibu Media, LLC Seeking Identity Information to:

Jon A. Hoppe, Esquire #6479
Maddox, Hoppe, Hoffnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, MD 20774

_____
Lauri K. O'Neal, Esquire

Jon A. Hoppe, Esquire #6479
Maddox, Hoppe, Hoffnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, MD  20774
Attorneys for the Plaintiff